FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JORDAN MICHAEL DUNLAP,

    Petitioner,

v.                                                                       Civil Action No. 1:13cv209
                                                                              (Judge Keeley)

R.A. PERDUE,

    Respondent.

## REPORT AND RECOMMENDATION

The petitioner is a federal inmate, currently incarcerated at Federal Correctional Institution Gilmer in Glenville, West Virginia. On September 17, 2013, the petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the manner in which the Bureau of Prisons ("BOP") had calculated his sentence. He paid the $5.00 fee on that same date. On September 18, 2013, the respondent was ordered to show cause why the writ should not be granted. On October 18, 2013, the respondent filed a Motion to Dismiss or for Summary Judgment. In support of said motion, the respondent providing documentation to support his allegation that the petitioner had failed to exhaust his administrative remedies before filing the petition. On October 22, 2013, a Roseboro Notice was issued. To date, the petitioner has not filed a reply.

## I. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes,

2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. In addition, he does not argue that doing so would be futile. Instead, the petitioner merely notes in his petition that "due to time window, proceeded with Route of action." (Doc. 1, p. 8). However, in reviewing the response provided by the respondent, and the information available on the BOP website, it is clear that the petitioner has now been granted the relief he requested, and there is no further relief

which can be granted.

Specifically, the undersigned notes that the Honorable John Preston Bailey sentenced the petitioner on July 26, 2012, to a term of imprisonment for 37 months. Judge Bailey recommended that the petitioner be given credit for time in custody from January 4, 2012. See 2:12cr2 (Doc. 36, p. 2). On September 17, 2012, the petitioner was sentenced by the State of West Virginia to a 1 to 10-year term of confinement for robbery. The sentence was ordered to run concurrent with the federal sentence. The petitioner satisfied his state obligation on September 25, 2013, and was released to the federal detainer on that date to commence the service of his federal sentence. (Doc. 11-3, p.1). The petitioner alleges that the BOP has not credited him with any time prior to his release from state custody.

The BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this particular case, upon the receipt of the Order to Show Cause, the BOP's Designation and Sentence Computation Center (DSCC) reviewed petitioner's sentence computation and construed this action as a request by the petitioner for a *nunc pro tunc* designation. On September 25, 2013, the DSCC sent correspondence to Judge Bailey regarding a *nunc pro tunc* designation. (Doc. 11-3). As noted in said correspondence, if a *nunc pro* tunc designation is not granted, the petitioner's projected release date would be February 24, 2016. However, if a *nunc pro tunc* designation is granted, the petitioner's sentence would be recalculated and his projected release date would be on or about March 26, 2015. Id.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

A review of the BOP website establishes that the petitioner's projected release date is February 18, 2015. Therefore, it is clear that a *nunc pro tunc* designation has been made, and the petitioner has received all the relief he could had his petition been granted: credit against his federal sentence from the date it was imposed through the date he actually entered the custody of the BOP.

## II. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment (Doc. 10) be **GRANTED** and the petition be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 27, 2014

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE